## FISHER v. FRITO CO., Inc.
### No. 12011.

Court of Civil Appeals of Texas. Dallas.
April 6, 1935.

C. F. Cusack, of Dallas, for appellant.

Jack Johannes, of Dallas, for appellee.

BOND, Justice.

This is an appeal from an interlocutory order, dissolving, on hearing, an ex parte temporary mandatory injunction. The injunction was granted on appellant's petition, in which complaint is made of the defendant breaching a written contract in which the appellee agreed to sell and appellant agreed to buy at a stipulated price for a period of one year, on demand, a manufactured product known as "Fritos." The "Fritos" were to be resold by appellant within an exclusive defined territory, approximately 25 counties in West Texas.

There seems to be no contention but that appellee did refuse to further continue under the agreement. In the motion to dissolve the injunction, it challenged the right of appellant to demand a performance, compelling it

to sell the product, and refraining from selling it itself on the ground, among other things, that appellant refused to pay for commodities which had theretofore been sold to him, and that appellant was not in good faith handling appellee's products to the best of his ability, which conditions were prerequisites under the terms of the agreement for the performance thereof; that appellant was due the sum of $415.98, which he declined to pay, and in addition to the selling of Fritos, the company's product, appellant was within the assigned territory selling another competitive manufactured product, thus relieving appellee of a further performance of its agreement. We think the evidence fully supports appellee's contention.

In injunctive matters, it is within the sound discretion of the trial court to grant or refuse the relief asked, subject to review on the abuse of such discretion, so, also, is the rule as to the action of the court in dissolving an injunction on hearing, which is found to have been improvidently directed. In view of the disclosure that the appellant was in arrears in the payment for products which appellee had theretofore sold to him and was handling other competitive products, we think it could hardly be said that the judge, on hearing of appellee's motion, abused his discretion in dissolving the ex parte mandatory order, compelling the appellee to continue the sale of its products to appellant, and itself refrain from selling to others. The evidence discloses that appellant was due appellee for products shipped under the agreement, a sum in excess of $300, had remitted the amount by checks, and afterwards had the checks dishonored by the bank on which they were drawn; and, further, during the life of the contract, the appellant was selling another similar manufactured product, termed "potato chips," within the defined territory in direct competition to appellee's products. While the contract between the parties does not in terms stipulate when and how the products to be delivered to appellant shall be sold and when the payment thereof shall be made, whether cash on delivery or deferred payments; nor, does it obligate appellant to purchase any specific quantity of Fritos, nor to handle only appellee's products within the defined territory; yet, in the absence of such stipulations, it may reasonably be inferred that the payments for the goods shall be made in cash, on demand, and that the purchaser in the exercise of his best ability to sell the products, shall not, at the same time and within the assigned territory,

sell or offer for sale a competitive product. The appellant recognizes the indebtedness due appellee, testifying that he was able, willing, and ready to pay the amount due, whereupon the appellee demanded immediate payment, and the court, recognizing the offer and acceptance, granted the parties time for a compliance with the offer and demand; the record does not show that the payment has ever been made; also, appellant admits the sale of "potato chips," a competitive product, within the assigned territory. In view of the uncontroverted disclosures, we do not believe that the trial judge, in the first instance, should have granted an ex parte mandatory injunction compelling appellee to continue the performance of the contract, and certainly the judge did not abuse his discretion, on hearing, in dissolving it. The action of the trial court is therefore sustained, and the judgment affirmed.

In dissolving the ex parte temporary injunction, the trial court under the provision of article 4662, R. S. 1925, suspended the order pending the appeal, upon appellant filing a good and sufficient supersedeas bond in the sum of $1,500 to be approved by the clerk, conditioned as required by law. Subsequently, the bond was filed, approved, and on March 15, 1935, the transcript filed in this court, thus the ex parte temporary injunction was by the action of the court retained in full force, and on the perfection of the appeal it became the duty of this court to enforce obedience to it, and, in enforcing it, to punish as contempt its disregard or violation.

The appellant, on March 25, 1935, filed in this court an application for writ of attachment, directed against one W. G. Cunningham, general manager of the Frito Company, Inc., caused notice to be served on him to appear and show cause why he should not be held in contempt in refusing to furnish the company's products under the terms of the alleged contract; and, in selling the company's products within the defined territory, in disobedience to the injunction. On hearing of this application, the respondent presented to this court evidence that at the time the order was made suspending the order of dissolution and allowing appellant to file the supersedeas bond as a condition precedent for the stay order, the trial judge exacted of the appellant an agreement not to sell any competitive products within the territory described in the petition pending the appeal, and exacted of the appellee, in turn, an observance of the mandatory order compelling it to sell the appellant its products

and the injunction restraining it from selling its products in said territory. We are not concerned as to the reasonableness of, or the power of the trial judge to exact of the parties, the promises or agreements as related. If they were made, and there seems to be no adverse contention, in contempt proceedings, this court may look into such procedure only in determining the wilfullness or the lack of indifference of the offender to the injunction. The contempt, as might be imputed to the respondent legally, seems to have been due more to the failure of the relator himself to keep his promise made to the trial judge inducing the injunctive order to be continued in force, than a willful disobedience to the writ. The respondent's good faith as to what he did, and what he refrained from doing, being superinduced by the acts and conduct of the relator, occurs to us, suggests themselves as a reason why the respondent should not be punished, and it is so ordered.

The judgment of the lower court is affirmed, the application to hold the respondent in contempt is denied, and the respondent discharged.